IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 09-CV-01374-JLK

MARY THOMAS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,

    PLAINTIFF,

V.

DISH NETWORK CORPORATION, A COLORADO CORPORATION,
DISH NETWORK LLC, A COLORADO LIMITED LIABILITY COMPANY, AND
ECHOSTAR SATELLITE LLC, A COLORADO LIMITED LIABILITY COMPANY,

    DEFENDANTS.

## STIPULATION AND PROTECTIVE ORDER

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). As noted in the concurrently-filed Joint Motion to Stay Proceedings, the Parties have agreed to an informal exchange of information in an effort to resolve the case and the Parties will exchange Confidential Information as part of that effort. If the parties are unable resolve the case, the Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.	"Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing proprietary or commercially sensitive business and financial information, trade secrets, or personal data.

3.	Where Confidential Information is produced, provided, or otherwise disclosed by a Party in connection with this litigation, it will be designated in the following manner:

    a.	By imprinting the word "Confidential" on the first page or cover of any document produced;

    b.	By imprinting the word "Confidential" next to or above any response to a request; and

    c.	With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4.	All Confidential Information designated "Confidential" provided by a Party shall be subject to the following restrictions:

    a.	It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.	It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5.	Where Confidential Information of a highly confidential or proprietary nature is produced, provided, or otherwise disclosed by a Party in connection with this litigation, it will be designated in the following manner:

    a.	By imprinting the word "Confidential – Attorneys' Eyes Only" on the first page or cover of any document produced;

    b.	By imprinting the word "Confidential – Attorneys' Eyes Only" next to or

     above any response to a request; and

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential – Attorneys' Eyes Only" no later than ten calendar days after receipt of the transcribed testimony.

The Parties anticipate that the Confidential – Attorneys' Eyes Only designation shall be used sparingly and only for the most highly sensitive material. At this preliminary stage of the litigation the parties cannot anticipate all of the material that might fit into this category, but some examples include documents that reflect competitive intelligence or agreements of a sensitive nature that could adversely affect party if disclosed even in part to a competitor, documents reflecting highly sensitive personal or personnel matters such as referring to medical conditions, and documents that by other agreement or court order require such restrictive treatment.

  6. All Confidential Information designated "Confidential – Attorneys Eyes Only" provided by a Party shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

   b. It may be disclosed only to the following persons:

    i. Counsel of record for any Party, including partners, associate, deputies, and assistants of such counsel;

    ii. Paralegal, stenographic, clerical and secretarial personnel employed by counsel described in (i); and

    iii. Any third-party consultant (including without limitation any imaging or litigation support vendor) and independent expert retained in connection with this action, if such person has signed an affidavit in the form of Exhibit A.

  7. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

8. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

9. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 8 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

10. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

11. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 10 above.

12. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have the designated Confidential Information status from the time it is produced until the ruling by the Court on the motion.

13. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between

the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

16. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately destroy or return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 8 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

17. The Parties shall not designate documents as confidential on a wholesale basis and shall only make such designations based upon a good faith belief as to the protected nature of the materials so designated. The Parties shall also meet and confer in good faith as to the propriety of any designations under this order or as to restrictions that a Party may believe to be overly onerous, particularly as to certain documents that may be designated as Confidential – Attorneys' Eyes Only.

Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

18. Nothing herein requires disclosure of information, documents, or things which the disclosing Party contends are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine recognized by law. In the event that a Party inadvertently produces to any other party any document privileged in whole or in part pursuant to the attorney-client privilege, work-product doctrine, or other applicable privilege or protection recognized by law, there shall be no waiver by the disclosing Party solely as a result of inadvertent production. The inadvertently produced, privileged document may be retrieved by the producer or originator by giving written notice to all parties who received copies of the produced document of the claim of privilege within one week of the date on which the producing Party becomes aware of the inadvertent production. Upon receipt of such notice, all Parties or other persons who have received a copy of the produced document shall return any privileged document to the producing party. The terms of this paragraph shall not be deemed a waiver of a party's right to contest the producing Party's designation of a document as privileged and, in the event of a good faith dispute regarding the privileged nature of the document, the receiving party may retain one working copy to use in any proceedings before the Court for the limited purpose of resolving any such dispute. Nothing herein shall preclude any Party from moving this Court for an order directing the disclosure or protection of such information, document or things.

19. The obligations of this Protective Order shall be perpetuated and are binding on the parties and non-parties in this proceeding, and all other federal and state proceedings, to the fullest extent permitted by Federal Rule of Evidence 502.

Dated at Denver, Colorado, this 10th day of August, 2009.

BY THE COURT:

*s/John L. Kane*
JOHN L. KANE, SENIOR JUDGE

UNITED STATES DISTRICT COURT

STIPULATED AND AGREED BY:

Dated: August 7, 2009	s/ Seth A. Katz
 Seth A. Katz
 Daniel Ellis McKenzie
 **BURG, SIMPSON, ELDREDGE,**
  **HERSH & JARDINE, P.C.**
 40 Inverness Drive East
 Englewood, CO  80112
 (303) 792-5595
 Email:  skatz@burgsimpson.com
 Email:  dmckenzie@burgsimpson.com

 Eric D. Freed
 Jeffrey A. Leon
 **FREED & WEISS LLC**
 111 West Washington Street, #1331
 Chicago, IL  60602
 (312) 220-7777
 Email:  **Efreed@freedweiss.com**
 Email:  **Jeff@freedweiss.com**

*Attorneys for Plaintiff Mary Thomas*


Dated: August 7, 2009

  s/  Steven M. Kaufmann

Steven M. Kaufmann
Nicole K. Serfoss
**MORRISON & FOERSTER LLP**
370 17th Street
Republic Plaza, Suite 5200
Denver, CO  80202
(303) 592-1500
Email:  SKaufmann@mofo.com
Email:  NSerfoss@mofo.com

Richard R. Patch
**COBLENTZ, PATCH, DUFFY & BASS LLP**
One Ferry Building, Suite 200
San Francisco, CA  94111-4213
Telephone:  (415) 391-4800
E-mail:  rrp@cpdb.com

*Attorneys for Defendants DISH Network Corp. and DISH Network L.L.C., f/k/a EchoStar Satellite L.L.C.*

## EXHIBIT A

## **AFFIDAVIT**

STATE OF COLORADO     )
                                              )   ss.
COUNTY OF _____  )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Thomas v. DISH Network Corporation*, 09-CV-01374-JLK-BNB, a copy of which is attached to this Affidavit.

2. I have been informed that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information show or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____

(Signature)

_____

(Print or Type Name)

Address: _____

_____

Telephone No. _____

SUBSCRIBED AND SWORN to before me this \_\_\_\_ day of _____, 2009, by _____.

WITNESS my hand and official seal.

_____

                    Notary Public
                    My Commission Expires: _____